# EXHIBIT A

FILED: QUEENS COUNTY CLERK 06/18/2020 12:49 PM
NYSCEF DOC. NO. 1
INDEX NO. 713001/2020
RECEIVED NYSCEF: 09/15/2020

Case 1:20-cv-05055-RRM-SMG   Document 1-2   Filed 10/21/20   Page 2 of 10 PageID #: 8

9-18-2020 @ 1:14PM
9-22-2020 @ 5:03PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ARSEN DAVIDOV, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>vs.<br><br>CREDIT PROTECTION ASSOCIATION, LP.<br><br>        Defendant. | Index No.:<br><br>CLASS ACTION COMPLAINT |

To the above-named Defendant:

CREDIT PROTECTION ASSOCIATION, LP
13355 Noel Road, Suite 2100, Dallas, Texas 75240

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Queens County. Plaintiff's address which is Jamaica, NY

Dated this 9th day of June, 2020.

                                          Daniel Zemel, Esq.
                                          ZEMEL LAW, LLC
                                          660 Broadway
                                          Paterson, New Jersey 07514
                                          T: (862) 227-3106
                                          F: (973) 282-8603
                                          dz@zemellawllc.com
                                          Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Debt Collections Practices Act.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ARSEN DAVIDOV, individually, and on behalf of all other similarly situated consumers,

    Plaintiff,

vs.

CREDIT PROTECTION ASSOCIATION, LP.

    Defendant.

Index No.:

CLASS ACTION COMPLAINT

Plaintiff, Arsen Davidov, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to NY CPLR §301.

3. Venue is proper in the Supreme Court of the State of New York, Queens County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

## PARTIES

4. Plaintiff is a resident of Jamaica, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a Texas corporation with headquarters at 13355 Noel Road, Suite 2100, Dallas, Texas 75240 doing business in the State of New York, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred an alleged debt stemming from an electricity bill.

7. The electric at issue, to the extent it remains owed as alleged by Defendant, was incurred for personal purposes.

8. On August 13, 2019, Plaintiff received a collection letter from Defendant. The letter was folded and has two sides. The outside of the letter is attached as Exhibit A.

9. The letter was made to appear as though it was a tax document, or as though it had come from the IRS based on the design of the letter and information posted on the outside of it.

10. The FDCPA prohibits such misrepresentations and misleading communications.

11. Further, no language is permitted to be on the outside of the letter, and Exhibit A also violated this rule.

## CLASS ACTION ALLEGATIONS

### The Class

12. Plaintiff brings this as a class action on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

13. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a New York address; (b) for which Defendant attempted sent a collection letter with writing on the outside of the letter as found in Exhibit A (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

14. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**Numerosity**

15. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

16. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

17. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

18. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied

3

in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

19. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

20. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

21. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

22. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

23. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

4

25. Certification of a class is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

26. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues.

28. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

30. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

31. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32. Defendant engaged in deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692e (9), 1692e (10).

33. Defendant's letter contained impermissible material in violation of 15 U.S.C. § 1692f (8).

WHEREFORE, Plaintiff, Arsen Davidov, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

Dated this 9th day of June 2020.

Respectfully Submitted,

_____
Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
ZEMEL LAW LLC
660 Broadway
Paterson, New Jersey 07514

T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
ea@zemellawllc.com
Attorneys for Plaintiff

INDEX NO. 715864/2010
RECEIVED NYSCEF: 06/18/2010

PO Box 802068
Dallas, TX 75380-2068

Address Service Requested

PRESORTED
FIRST CLASS MAIL
U S POSTAGE
PAID
MAILED FROM
ZIP CODE 75260
PERMIT NO. 1440

FORM **1682**
IMPORTANT NOTICE

Notice No.
00112019

Status Code
NSS1453XFT

**2019**

## URGENT

1021 POST-N **********AUTO**MIXED AADC 750    T4  P0

Arsen Davidov
17623 80th Dr
Jamaica NY 11432-1456